IN THE MATTER OF THE ESTATE OF MARY ANN BEEBE, DECEASED.

*Chapter* 394 *of* 1870 — *unconstitutional.*

Chapter 394 of 1870, providing for the examination of persons alleged to have in their possession effects belonging to a deceased person, and authorizing the surrogate, if it shall appear to him that any effects of the deceased are withheld by such person, to issue his warrant commanding the officer, to whom it is directed, to search for and seize the said effects and deliver them to the executor or administrator of the deceased, unless the person holding the said effects shall give security, as is therein provided, is unconstitutional and void.

APPEAL from an order of the surrogate of St. Lawrence county, adjudging the appellants Darius A. Moore and Emily Moore guilty of a contempt, and directing an attachment to issue for their refusal to be sworn and to testify at the instance of the administrator of Mary Ann Beebe, deceased, upon an inquiry instituted by him under chapter 394 of 1870.

*Leslie W. Russell,* for the appellants, Darius A. and Emily Moore. Chapter 394 of 1870 is in conflict with the constitutions of the State of New York and of the United States, which provide that no person shall be deprived of property without due process of law. (*Taylor* v. *Porter,* 4 Hill, 145, *et seq.; Wynehamer* v. *People,* 13 N. Y., 394; *Rockwell* v. *Nearing,* 35 id., 302; 2 Kent's Com., 13; 2 Story on Cons., § 1789; 2 Coke Ins., 45-50; 1 Bl. Com., 138; *Scovil* v. *Post,* 3 Edw.; 203.)

*John C. Keeler*, for the respondent, Albert Beebe, administrator.

BOARDMAN, J. :

The controversy arises over chapter 394, Laws of 1870. By that act an executor or administrator may apply to a surrogate to compel persons to submit to an examination touching effects which had belonged to the deceased, or were part of the assets of the estate as is claimed, provided *prima facie* evidence is furnished to the surrogate that the person to be examined has such effects or property in his possession. An affidavit must be made to satisfy the surrogate, who thereupon issues a subpœna to such persons as may be designated by the executor or administrator requiring them to be examined touching the estate of deceased.

The requisite proceedings were had under this law for the examination of Mr. and Mrs. Moore, who appeared and objected that the act of 1870 was in conflict with the constitution, and void. Such objection was overruled, and an exception taken. Mr. and Mrs. Moore then severally declined to appear and testify, and they were adjudged to be in contempt, and an attachment was ordered issued against each in pursuance of the third section of said act. Mr. and Mrs. Moore now appeal from such orders adjudging them in contempt and for attachment. The facts are agreed upon. The parties desire the decision of this court as to the constitutionality of the act of 1870. No other questions are presented for our consideration.

The respondent insists, though the provisions of the fifth and sixth sections of the law should be held a violation of the constitution, the proceedings for the examination of the appellants is not subject to such criticism.

We think this position cannot be maintained in respect to this law. SELDEN, J., in *Wynehamer* v. *People* (13 N. Y., 441, 442), lays down the rule as follows : "The general rule on this subject is that where part of a law is in conflict with the constitution and that part is entirely separable from the residue, so that other portions of the law can be enforced without reference to it, then the unconstitutional part only will be condemned. But where the legislative provision is indivisible   *   *   *   the pro-

vision is wholly void." Applying these principles to the act of 1870, the whole is void if the fifth and sixth sections are unconstitutional. The object of the statute is entire and single, and that is, by means of this preliminary examination to secure possession of property claimed to belong to the estate, or security for its value. Without the relief provided for in the last two sections the law would be inquisitorial in the most offensive form. The law was not passed for the purpose of the examination, but to get possession of the property claimed, if the examination proved favorable. We think then the law is wholly void or wholly valid.

After the completion of the examination the surrogate may issue his warrant for the seizure of the effects withheld, and the delivery of the same to the administrator or executor, unless security is given as provided in section sixth. Under this warrant the officer may search for and seize the effects, and, if necessary, break open any house in the day-time. These are extreme provisions, which seem to be in conflict with the constitution. By such provision the administrator or executor may obtain possession of property claimed by him upon the decision of the surrogate, without any trial such as is recognized by the constitution and the ordinary forms of judicial proceedings heretofore existing. The possessor, and presumptively the owner of property, is deprived of his possession by this summary proceeding. He has no right to a jury. He has no right to call witnesses. By an arbitrary and *ex parte* process he may be compelled to become a plaintiff, if he seeks to recover his property of the administrator or executor, and to submit to all the disadvantages of such position. The situation of a defendant is stronger than that of a plaintiff. By this process the places are changed. And why is such change made? What advantage is given, or why was it necessary in all fairness? The administrator or executor could bring his action for the possession or value of the property claimed. There is no reason why the possessor should be deprived of his possession for the benefit of an administrator more than in any, or all other, cases where property is claimed by action. There is no reason why the common law rules, applicable to the title and possession of property, should be overthrown for the benefit of an administrator, nor why an administrator should have a summary

and arbitrary remedy to recover property, unknown to the laws heretofore and not applicable to other suitors. It certainly could not be tolerated that all claimants of property could get possession of it by the aid of such an examination and warrant of seizure. It cannot be that the Legislature could give to justices of the peace general jurisdiction to do this thing. And yet, if this law be valid, the same power may be given to a justice of the peace, or other officer, to seize and summarily dispose of any property in the possession of another to anyone who claims it on such evidence as the justice may deem satisfactory. This would not be " due process of law," by which a person may be deprived of his property. (*Rockwell* v. *Nearing*, 35 N. Y., 302, 305, 306; *Wynehamer* v. *People*, 13 id., 394; *Taylor* v. *Porter*, 4 Hill, 140, 147; *Westervelt* v. *Gregg*, 12 N. Y., 212.)

For these reasons we think the orders should be reversed, with ten dollars costs and expenses of printing.

LEARNED, P. J., and BOCKES, J., concurred.

Order of surrogate reversed, with ten dollars costs and printing disbursements against respondent.